J-A12033-26                2026 PA Super 170

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRANDON ALLEN | : | No. 1163 EDA 2025 |

Appeal from the Judgment of Sentence Entered April 2, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000395-2024

BEFORE:  LAZARUS, P.J., SULLIVAN, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED JULY 31, 2026**

Appellant, the Commonwealth, appeals from the April 2, 2025, order entered in the Philadelphia Court of Common Pleas granting extraordinary relief and vacating the aggravated assault conviction of Appellee, Brandon Allen. After a careful review, we reverse and remand.

The relevant facts and procedural history are as follows: On December 30, 2023, Appellee shot the victim, Mark Perez, in the buttocks after engaging in a fist fight. N.T., 11/18/24, at 17. Appellee was charged with, *inter alia*, aggravated assault.[1] The case proceeded to a bench trial on November 18, 2024.

---

[*] Former Justice specially assigned to the Superior Court.
[1] Appellee was also charged with and convicted of firearms not to be carried without a license, carrying a firearm on public streets in Philadelphia, possessing an instrument of crime, simple assault, and recklessly endangering another person. These convictions are not at issue here.

There was no dispute that Appellee committed aggravated assault, but there was a dispute at trial over the grading of the offense. The statute defining aggravated assault as a first-degree felony states the following:

> A person is guilty of aggravated assault if he: (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S.A. § 2702(a)(1). The statute defining aggravated assault as a second-degree felony states the following:

> A person is guilty of aggravated assault if he: (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]

18 Pa.C.S.A. § 2702(a)(4).

The issue was whether Appellee had the requisite intent to cause serious bodily injury, constituting a first-degree felony, or if he had intent only to cause bodily injury with a deadly weapon, constituting a second-degree felony. Appellee argued at trial that while his conduct satisfied the second-degree felony, he did not satisfy the definition of serious bodily injury. N.T., 11/18/27, at 58. The trial court agreed and found Appellee guilty of Count two, aggravated assault as a second-degree felony, acquitting him of count one, aggravated assault as a first-degree felony.

After trial but before sentencing, Appellee brought to the court's attention an error in the charging documents. Appellee was erroneously charged at count two under the following section defining aggravated assault:

> A person is guilty of aggravated assault if he: (3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty[.]

18 Pa.C.S.A. § 2702(a)(3). There is no argument that the victim, Mark Perez, is an officer or otherwise fits any other classification of protected individuals enumerated in the statute. Accordingly, there is no dispute that this subsection does not apply to Appellee. Appellee indicated his intent to make an oral motion for extraordinary relief at sentencing.

Sentencing was deferred and the parties filed briefs regarding the proposed, forthcoming motion for extraordinary relief. Appellee argues that he intended to make the motion for extraordinary relief because he was convicted of aggravated assault at count two which charged him under Section 2702(a)(3), a clearly inapplicable section to the instant situation. Appellee's Sentencing Memo, 1/27/25, at 3. Appellee asked the court to vacate his conviction at count two. *Id*. The Commonwealth argued that the error in the charging document was a clerical error that had been carried up from the municipal court and that Appellee was clearly on notice that he was accused of aggravated assault under Section 2702(a)(1) and under the lesser-included offense, Section 2702(a)(4). *See* Commonwealth's Brief, 1/22/25.

The trial court held a hearing on February 25, 2025. Appellee did not make his proposed oral motion, but the court instead addressed the written filings. The court found that the conviction under Section 2702(a)(3) should be vacated. N.T., 2/25/25, at 4. Sentencing was deferred until April 2, 2025.

- 3 -

The trial court issued findings of fact and conclusions of law on the record, acknowledging that the trial had proceeded with the parties and the court all under the mistaken belief that Appellee was charged under Section 2702(a)(1) and Section 2702(a)(4). N.T., 4/2/25, at 3-5. The court concluded that it was without jurisdiction to convict Appellee of subsection (a)(4) of aggravated assault under which he was inadvertently not charged. *Id.* at 8. The court sentenced Appellee on the remaining convictions. The court entered a formal order granting extraordinary relief and vacating Appellee's aggravated assault conviction on April 2, 2025.

The Commonwealth filed a timely notice of appeal on May 1, 2025. On May 12, 2025, Appellee filed a motion to quash appeal, arguing that the Commonwealth was appealing a non-appealable order which found him not guilty. The Commonwealth filed a response to the motion to quash in this Court on May 20, 2025. On May 28, 2025, this Court entered an order denying Appellee's motion to quash without prejudice. The Commonwealth filed a statement pursuant to Pa.R.A.P. 1925(b) on May 22, 2025, and the trial court filed its Rule 1925(a) opinion on August 6, 2025. This appeal follows.

The Commonwealth raises the following issue for our review:

Did the trial court err by granting defendant's post-verdict motion for extraordinary relief and overturning his entered and recorded verdict of conviction for aggravated assault, where:

a. The clerical error in the charging documents, charging defendant with aggravated assault under 18 Pa.C.S. §§ 2702(a)(1) and 2702(a)(3), derived from an error by the municipal court and was merely one of transcription;

- 4 -

b. The parties and the court understood (and defendant had notice) that defendant was being prosecuted for aggravated assault under both 18 Pa.C.S. § 2702(a)(1) and 2702(a)(4);

d. The court committed legal error by finding that it lacked subject-matter jurisdiction;

e. Defendant filed a deficient written motion for extraordinary relief;

f. The court postponed sentencing to issue its decision; and

g. Defendant's underlying sufficiency claim was an inappropriate basis on which to grant relief?

Appellant's Br. at 4.

We begin by discussing the procedural issue of the reviewability of the trial court's April 2, 2025. The order reads as follows:

AND NOW, this 2nd Day of April, 2025, upon consideration of the Motion for Extraordinary Relief filed by the defense, it is hereby ORDERED that the motion is GRANTED.

The Honorable Donna Woelpper vacates the "Guilty" conviction on the offense of Aggravated Assault 18 [Pa.C.S.] § 2702 §§ A3 and now finds the defendant "Not Guilty" of this offense. *Commonwealth Objects due to clerical filing error*

Tr. Ct. Order, 4/2/25.

Initially, we note that Appellee never actually made the oral motion on the record for extraordinary relief which the trial court's order purports to grant. Despite Appellee stating his intent to make the oral motion and the parties extensively briefing the issue, this Court can find no oral motion on the record. Neither the trial court nor Appellee point to anywhere in the record

where this motion was made before the court. The Rule governing motions for

extraordinary relief provides the following:

> (B) Oral Motion for Extraordinary Relief.
>
> > (1) Under extraordinary circumstances, when the interests of justice require, the trial judge may, before sentencing, hear an oral motion in arrest of judgment, for a judgment of acquittal, or for a new trial.
> >
> > (2) The judge shall decide a motion for extraordinary relief before imposing sentence, and shall not delay the sentencing proceeding in order to decide it.
> >
> > (3) A motion for extraordinary relief shall have no effect on the preservation or waiver of issues for post-sentence consideration or appeal.

Pa.R.C.P. 704(B). The comment to the Rule provides the following guidance

on when a motion for extraordinary relief is appropriate:

> Under paragraph (B), when there has been an error in the proceedings that would clearly result in the judge's granting relief post-sentence, the judge should grant a motion for extraordinary relief before sentencing occurs. Although trial errors may be serious and the issues addressing those errors meritorious, this rule is intended to allow the trial judge the opportunity to address only those errors so manifest that immediate relief is essential. It would be appropriate for counsel to move for extraordinary relief, for example, when there has been a change in case law, or, in a multiple count case, when the judge would probably grant a motion in arrest of judgment on some of the counts post-sentence. ***Although these examples are not all-inclusive, they illustrate the basic purpose of the rule: when there has been an egregious error in the proceedings, the interests of justice are best served by deciding that issue before sentence is imposed. Because the relief provided by this section is extraordinary, boilerplate motions for extraordinary relief should be summarily denied.***
>
> Under paragraph (B)(2), the motion must be decided before sentence is imposed, and sentencing may not be postponed in

order to dispose of the motion. The judge may summarily deny the motion or decide it on the merits.

Paragraph (B)(3) is intended to make it clear that a motion for extraordinary relief is neither necessary nor sufficient to preserve an issue for appeal. The failure to make a motion for extraordinary relief, or the failure to raise a particular issue in such a motion, does not constitute a waiver of any issue. Conversely, the making of a motion for extraordinary relief does not, of itself, preserve any issue raised in the motion, nor does the judge's denial of the motion preserve any issue.

Pa.R.C.P. 704 cmt (emphasis added).

Here, Appellee did not actually make an oral motion for the court to hear, and the court did delay sentencing in order to consider the issue. Indeed, the trial court states in its opinion,

Here, as noted previously, Defendant notified the [c]ourt of **his intention to pursue an oral motion prior to sentencing**, seeking to vacate his aggravated assault conviction on the grounds that the Commonwealth failed to prove all the elements of the charged offense. The Commonwealth thereafter filed a brief in opposition on the scheduled date of sentencing, resulting in a continuance to allow the [c]ourt to carefully consider the briefs of the parties. Following its careful review, the [c]ourt issued its ruling on the record prior to imposing sentence. **As such, Defendant's motion was properly before the [c]ourt**, and the [c]ourt committed no error in rendering its decision.

Tr. Ct. Op. at 7 (emphasis added). Despite saying that the motion was properly before the court, the trial court does not even so much as assert that Appellee made an oral motion. Accordingly, although the parties had thoroughly developed their arguments in briefs and the court had notice of Appellee's intention, it is not clear to us that any motion was properly before the court to be decided at that time. **See Commonwealth v. Grohowski**, 980 A.2d

113, 116 (Pa. Super. 2009) ("written motions for extraordinary relief have been deemed improper"). Additionally, the order in question, despite being classified by Appellee as a "verdict of acquittal," Appellee's Br. at 11, is an order purporting to grant a motion for extraordinary relief, which is appealable. **See id**. The court's order vacated Appellee's conviction under subsection (a)(3) which is undisputably unapplicable, but the issue here is if the court has jurisdiction to find him guilty under subsection (a)(4).

More importantly, we observe that the clerical issue on the charging document listing count two as subsection (a)(3) instead of (a)(4) is not the type of "egregious error in the proceedings" contemplated by Rule 704. "[T]his rule is intended to allow the trial judge the opportunity to address only those errors so manifest that immediate relief is essential." Pa.R.C.P. 704 cmt. However, Appellee's challenge was to a defect in the criminal information, an issue which can be raised on appeal and generally does not necessitate immediate relief.

For the reasons that follow, we find that the trial court did have jurisdiction to find Appellant guilty of aggravated assault as listed in subsection (a)(4) despite having been charged under subsection (a)(3).

A challenge to the trial court's subject matter jurisdiction presents a question of law over which our standard of review is *de novo* and our scope is plenary. **See Commonwealth v. Seiders**, 11 A.3d 495, 496-97 (Pa. Super. 2010). "[T]he Pennsylvania Supreme Court [has] held that subject matter

jurisdiction require[s] both that the court be competent to hear the case and that the defendant be provided with a formal and specific accusation of the crimes charged." **Commonwealth v. Hatchin**, 709 A.2d 405, 408 (Pa. Super. 1998) (citation and quotation marks omitted). "[A] criminal information satisfies the constitutional requirements, under the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, that a defendant be given formal, specific notice of the charged crimes." **Commonwealth v. Nischan**, 928 A.2d 349, 356 (Pa. Super. 2007).

> The purpose of an Information or an Indictment is to provide the accused with sufficient notice to prepare a defense, and to ensure that he will not be tried twice for the same act. An Indictment or an Information is sufficient if it sets forth the elements of the offense intended to be charged with sufficient detail that the defendant is apprised of what he must be prepared to meet, and may plead double jeopardy in a future prosecution based on the same set of events. This may be accomplished through use of the words of the statute itself as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.

**Commonwealth v. Chambers**, 852 A.2d 1197, 1199 (Pa. Super. 2004) (citations and quotation marks omitted).

Here, there is no dispute that the trial court was competent to hear the case. Thus, we must analyze the notice provided to Appellee. Our Supreme Court has recognized that "even the lack of a proper criminal indictment does not deprive the court of jurisdiction to accept a plea." **Commonwealth v. Khorey**, 555 A.2d 100, 108 (Pa. 1989) (citing **Commonwealth v. Diaz**, 383

A.2d 852, 854 (Pa. 1978); *Commonwealth v. Irby*, 284 A.2d 738, 739 (Pa. 1971)).

> Variations between allegations and proof at trial are not fatal unless a defendant could be misled at trial, prejudicially surprised in efforts to prepare a defense, precluded from anticipating the prosecution's proof, or otherwise impaired with respect to a substantial right. This Court's review of the record reveals that appellant could not have been prejudiced by the defect in the complaint and that he was well advised of the nature of the offense charged.

*Commonwealth v. Kelly*, 409 A.2d 21, 23 (Pa. 1979).

This "common-sense" and not "overly technical" approach has been applied even in cases where the charge listed in the criminal information was incorrect. *Commonwealth v. Jones*, 912 A.2d 268, 289 (Pa. 2006); *see e.g., Commonwealth v. Ford*, 141 A.3d 547 (Pa. Super. 2016); *see also Commonwealth v. Demulter*, 314 A.3d 934, 941 (Pa. Super. 2024) (denying relief where the Commonwealth did not mislead the defendant, the defendant was not surprised by the facts raised at trial, no prejudice was shown based on the error in the information, and the defendant made the appropriate arguments and defended on the merits of the allegations and facts).

We are persuaded by the caselaw cited by the Commonwealth in its brief on this issue and agree that it supports the Commonwealth's propositions. Appellee attempts to distinguish the cases cited by the Commonwealth, but we are not convinced that the rationales are inapplicable. For example, the Commonwealth cites *Commonwealth v. Raymond*, 233 A.3d 809 (Pa. Super. 2020) for the proposition that this Court will find that a defendant had

sufficient notice even when the wrong subsection was erroneously charged as long as the allegations were based on the correct charge, the defendant defended himself against the appropriate charge, and the defense strategy would have remained the same had the information listed the proper charge. Appellant's Br. at 29. In **Raymond**, the defendant was charged and convicted for intimidation of witnesses or victims under 18 Pa.C.S.A. § 4952(a)(1). All parties agreed that Raymond was erroneously charged under section 4952(a)(1), when the facts "more closely align[ed] with the offenses set forth in [s]ubsections 4952(a)(2) and (a)(3)[.]" **Id.** at 814.

> Raymond claimed "his witnesses intimidation conviction cannot stand as the prosecution did not charge him under [s]ubsection 4952(a)(2) or (a)(3)." **Id**. [On appeal, w]e held that Raymond was challenging a defect in the criminal information and found that his claim was waived because "the defendant was placed on notice of the correct charge, defended against the correct charge, and made no objection to the discrepancy in the charged offense." **Id**. We also noted that even if we did not find waiver, "Appellant would not be entitled to relief as he was not prejudiced by the defect in the criminal information." **Id.** at 815.

**Demulter**, 314 A.3d at 939.

Appellee attempts to distinguish **Raymond** by stating, "[u]nlike the present case and despite the charging flaw, the trial judge [in **Raymond**] instructed the jury as to the elements of the correct charges . . . the **Raymond** Court found that the defendant was placed on notice by the correct jury instructions[.]" We are unconvinced by this additional fact because here, Appellee was convicted after a bench trial, not a jury trial, and the trial court was operating under the assumption that Appellee had been properly charged

- 11 -

under subsection (a)(4) and proceeded to find him guilty under the presumed charge.

We find that Appellee had sufficient notice to prepare a defense, and has never claimed that but for the error, he would have prepared a different defense. Accordingly, we find no prejudice to Appellee which alone is sufficient to deny relief. **Raymond, supra**. Additionally, he was clearly not misled or surprised at trial, and he defended himself on the merits against the allegations in subsection (a)(1), arguing instead that his conduct satisfied the definition of aggravated assault in subsection (a)(4). In fact, Appellee argued for a conviction under the appropriate charge in his closing at trial:

> So for all of those reasons, Judge, I do not believe that this is a case of F1 aggravated assault. If anything, **F2 aggravated assault, intention to cause a bodily injury with a deadly weapon, which is almost precisely what we have here.** I would suggest certainly that the graze wound satisfies the definition of a bodily injury. I don't believe it satisfies the definition of serious bodily injury. . . . I will ask, Your Honor, to adjudicate my client accordingly.

N.T., 11/18/24, at 58-59 (emphasis added). Appellee was unequivocally on notice that the proper charge was aggravated assault, intent to cause a bodily injury with a deadly weapon, at 18 Pa.C.S.A. § 2702(a)(4).

Additionally, Appellee points out that the Commonwealth has at no point sought to amend the charging documents. Appellee's Br. at 18, 23. Conversely, Appellee did not challenge the defect by placing an objection on the record until after the verdict. This Court has found waiver on such a basis. **See Raymond**, 233 A.3d at 815.

In conclusion, we find that a motion for extraordinary relief was likely not properly before the trial court. Even if it was, the court erred in granting it because a defect in the charging document is not the type of egregious error contemplated by the Rule governing motions for extraordinary relief. Further, we find that the court erred in finding that it lacked jurisdiction to find Appellee guilty under 18 Pa.C.S.A. § 2702(a)(4) because Appellee had sufficient notice of the proper charge. Accordingly, we reverse and vacate the trial court's order entered April 2, 2025, and remand for sentencing proceedings consistent with this decision.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/31/2026